JAMES OWINGS,
vs.
WILLIAM BALDWIN
AND
GEORGE WHEELER.

} DECEMBER TERM, 1847.

———

[PART PERFORMANCE—SPECIFIC EXECUTION.]

———

THERE can be no doubt, that if a party has succeeded in proving a contract, and in showing that it has been in part performed, he is entitled to have it specifically executed.

This right is founded, not upon the notion that part performance is a compliance with the statute of frauds, but upon the ground, that it takes the case entirely out of the statute.

In order to take a case out of the statute, on the ground of part performance, the plaintiff must make out, by clear and satisfactory proof, the existence of the contract, as laid in the bill, and the act of part performance must be of the identical contract set up by him.

It is not enough that the act is evidence of *some* agreement; but it must be unequivocal and satisfactory evidence of the particular agreement charged in the bill.

Where delivery of possession is relied upon, it is indispensable that such delivery to, and taking possession by, the defendant, is referrable to the contract alleged in the bill, and not to a distinct or different title.

[The bill in this case alleged that in the spring of 1845, the defendants agreed to purchase of the complainant, certain lands in Howard district, on which there were erected a cotton factory and other improvements, for the sum of $20,000, of which $5000, were to be paid in cash on the delivery of possession, fixed for 1st June, 1845, $1666 66⅔, in twelve months thereafter, with interest on the unpaid balance, and the residue in equal instalments of 5, 10, and 15 years, with interest on the balances unpaid; privilege being given to pay the whole before if desired. No written agreement was alleged to have been made by the parties, but a memorandum was filed with the bill, said to have been drawn up by the complainant, and acknowledged by the defendants to be a true statement of the terms agreed upon. The bill stated, that possession had been delivered on the 1st June, 1845, under the agreement; charged the defendants with a refusal to comply with the terms of sale; and prayed for a specific performance.

The joint answer of the defendants, denied their acceptance of the terms contained in the complainant's exhibit, and a paper was filed therewith differing in some respects from that of the complainant, but agreeing as to the price and times of payment, which the defendants said had been prepared by them, and which the complainant had requested them to keep, as a correct statement of the offer made by him. The answer stated that the defendants were at first willing to accept this offer, but difficulties presenting themselves, as to the complainant's title, and wishing to avoid loss of time, they agreed to take possession of the premises at once, and pay to the complainant a rent of $900, until he should be able to give them a clear undisputed title thereto; but they expressly denied that this arrangement was made in pursuance of the original agreement. This position was sustained by the testimony of H. N. Gambrill, and Neilson Poe, the former of whom said, "after the title was ascertained, or thought to be defective, and before they (the defendants) entered into possession, Mr. Owings, (the plaintiff) agreed that they should take possession of the property, and pay a rent at the rate of $900 a year, I believe,

until the right was rendered perfect, which, it was then believed, would be six weeks from the time they took possession, according to Mr. Owings' promise." And in another place : "all parties were apprised of the alleged defect in the title, and possession was given under the provisional arrangement for a tenancy." The latter, who had conducted the negotiations for the defendants, said : "the object of this arrangement was, to secure to them, (the defendants,) the right to withdraw from the property, without being hampered by it as purchasers, in case the title could not be perfected in a reasonable time." He also said, that in consequence of complainant's failure to dispel the cloud which enveloped the title, the defendants, prior to February, 1846, requested him to notify the complainant of their intention to quit, which he did. No evidence was adduced by the complainant to prove the acceptance by the defendants of the terms of his alleged proposal, or to show, that their entry into possession was done in pursuance of this arrangement, if proved, or in part performance thereof :]

THE CHANCELLOR :

This, therefore, is a bill, to enforce the specific performance of a parol agreement in relation to lands ; and the complainant rests his right to a decree upon the ground of a part performance of the agreement; and there can be no doubt that if he has succeeded in proving an agreement ; and in showing it to have been in part performed, that he is entitled to have it specifically executed.    *Moale* vs. *Buchanan et al.* 11 *G. & J.*, 314.

This right is founded not upon the notion, that part performance is a compliance with the statute of frauds ; but upon the ground, that such part performance, takes the case entirely out of the statute.    The part performance relied upon in this case, is the delivery of possession, and it is indispensable that such delivery to, and taking possession by the defendant, is referrible to the contract alleged in the bill, and not to a distinct, or different title, *ib.* 323.

And, it is not only necessary to take a case out of the statute, that the acts done should be clear, and definite, and referrible exclusively to the contract sought to be enforced, but the contract should also be established, by competent proofs, to be clear, definite, and unequivocal in all its terms.    If, says Mr. Justice Story, "the terms are uncertain, or ambiguous, or not made out by satisfactory proofs, a specific performance will not (as indeed upon principle it should not) be decreed."    For, as observed by the same judge, "one of the most important objects of the statute, was, to prevent the introduction of loose and indeterminate proofs, of what ought to be, solemn contracts."    2 *Story's Equity, sec.* 764.

It was said by Chancellor Kent, in the case of *Phillips* vs. *Thompson,* 1 *Johns. Ch. Rep.,* 131, that, to entitle a party to take a case out of the statute, on the ground of part performance of the contract, he must make out by clear and satisfactory proof, the existence of the contract as laid in the bill, and the act of part performance, must be of the identical contract set up by him.    It is not enough, that the act is evidence of *some* agreement, but it must be unequivocal and satisfactory evidence of the particular agreement charged in the bill.    The act must be such as the party would not have done, unless on account of that very agreement, and with a direct view to its performance.    There must be no equivocation and uncertainty in the case.

In the subsequent case of *Parkhurst* vs. *Van Cortlandt, same volume, page* 284, the Chancellor remarked, that the doctrine of *Phillips* vs. *Thompson,* was undoubtedly the sound doctrine, though there may be occasionally a case, or *dictum,* which seems to impair it, and that the tendency of the latter cases, is to prefer giving the party *compensation in damages,* instead of a specific performance.

In this case, the bill alleges, that the possession was given, and taken, in part execution of the agreement; but the answer explicitly denies this, and states, that the possession so delivered, and received, is to be referred to an entirely different agreement.    The question, therefore, is, has the complainant suc-

ceeded in proving, by clear and satisfactory evidence, not only the existence of the contract, as laid in his bill, but has he shown a part performance of that identical agreement? It would seem to be clear in this case, that the contract of sale about which these parties were negotiating, was not intended to rest in parol. It was designed to have been reduced to writing, as is shown by the two papers exhibited with the bill and answer; and it is not easy to understand, if the terms were all adjusted, and no impediment existed to the complete consummation of the contract, why it was not in fact reduced to writing.

The Chancellor after alluding to the denial by the defendants, as above stated, of their alleged acceptance of the terms of the agreement as reduced to writing, by the complainant, and to the above account of the transaction, as given by them, said : now, unless this is true, or unless some difficulty existed to the consummation of the agreement, it is not easy to imagine a plausible reason, for the failure of the parties to put their contract in the form which the statute requires. And apart from the inference thus arising against the completion of the contract, he said he thought there was a want of such clear evidence of its terms, and of the act of part performance, as would alone justify the court in decreeing a specific execution.

The contract to be proved, said he, must be the identical contract charged in the bill, and this must be the same with the one partly performed; and as Chancellor Kent says, there must be no equivocation or uncertainty in the case ; the plaintiff cannot get the relief which he asks for, unless he has clearly established the contract as charged, and also a part performance of the same contract.

The bill in this case, charges a particular agreement, the terms of which were reduced to writing, and though not signed by, were, as alleged, exhibited to, and approved by the defendants. And it also charges a part performance of this agreement. The answer positively denies both the agreement and the act of part performance, and exhibits another paper, varying in some respects from the paper filed by the complain-

ant, which they say, correctly sets forth the terms upon which they were willing to purchase, when the title could be rendered unexceptionable. Now, if a contract of purchase, was in fact made, it is impossible to determine from the evidence, what the terms were? Did the parties agree upon the terms of the paper exhibited by the plaintiff, or by the defendants? Is there in truth, a single witness, who undertakes to prove all the terms of the alleged contract? Some of them certainly do speak of particular terms, but upon a careful examination of the depositions, I do not find a single witness who professes to know all the terms, and stipulations of the agreement; and, especially, there is no witness who has undertaken to prove the identical agreement charged in the bill. There can be no doubt, that the plaintiff has succeeded in proving *some* agreement; and indeed, the answer admits, that *some* agreement was made. But this, Chancellor Kent says, is not sufficient; the *particular* agreement charged must be proved, as must the part performance of the same agreement, or the statute will be a bar.

And the plaintiff, has not only, as I think, failed in proving the agreement laid in his bill, but he has also failed in his proof of the act of part performance.

The bill alleges, that possession was delivered by plaintiff, and received by the defendants, according to the form and effect of the agreement, as charged. This averment is likewise flatly denied, and the possession which the defendants admit they took, is referred to a totally different agreement. The burden of proof in regard to the alleged act of part performance of the contract, as well as of its alleged existence, is of course upon the plaintiff, and the weight of the burden is most essentially increased by the positive denials of the answer, in direct response to the bill. Has the plaintiff been sucessful in proving such an act of part performance of the contract, as he has stated in his bill? An act, in the language of Lord Hardwicke, "as could be done with no other view, or design, than to perform the agreement;" and "with a direct view to its performance?" I think not. There is not a single witness who speaks of the terms upon

11*

which the possession, (the act of performance relied upon,) was taken, or who can, or does, undertake to say, that it was taken in part performance of the agreement, which the plaintiff has charged in his bill. The answer, therefore, is uncontradicted upon this point by the evidence.

The Chancellor then referred to the extracts, from the testimony of H. N. Gambrill, and Neilson Poe, inserted above, to show that the possession was neither delivered, or received, in part performance of this contract; and in relation thereto, said: It seems to me, therefore, perfectly obvious, that the act relied upon here as a part performance of the contract charged in the bill, is not an act "unequivocally referring to, and resulting from that agreement," but is an act which it is apparent from the evidence, must be referred to a different agreement, and consequently it will not take the case out of the statute of frauds.

The Chancellor said, that insomuch as the plaintiff had not, as he thought, succeeded in proving the contract stated in his bill; or an act, in part performance of that particular contract; he deemed it unnecessary to consider the question, whether the title was such an one as would be forced upon a purchaser. With regard to the rent, which by the statement in the answer the defendants were to have paid, he said, the complainant was not even entitled to a decree to that extent, first, because he makes no such claim in his bill—and secondly, because he has adequate remedy at law in an action for use and occupation.

[This case was affirmed on appeal.]